UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-19 (PJS/HB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NAMIRI LOVE LAQUANDAS TANNER,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and the defendant, Namiri Love Laquandas Tanner, agree to resolve this case on the following terms and conditions. This plea agreement binds only Tanner and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** Tanner agrees to plead guilty to Count 1 of the Indictment, charging him with Possession of a Machinegun in violation of Title 18, United States Code, Section 922(o)(1).

2. **Factual Basis.** Tanner stipulates and agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt.

On July 21, 2021, Tanner illegally possessed a machinegun. Law enforcement were conducting surveillance on Tanner in an attempt to executed a search warrant for Tanner's person. Officers observed Tanner outside the Minneapolis Market in

SCANNED
MAY 16 2022
U.S. DISTRICT COURT MPLS

south Minneapolis. Officers saw Tanner conduct a "security check" of his waistband. Officers then saw Tanner get in a car and drive off.

Officers followed Tanner until he parked his car. Officers then approached Tanner to attempt to execute the search warrant. Officers identified themselves and ordered Tanner to put his hands up. Tanner then fled from police on foot, jumping over a fence and then off a retaining wall. Officers searched for him but did not find him.

After Tanner fled, officers searched the car and recovered a .40-caliber Glock pistol, model 27, with a high-capacity magazine, bearing serial number PEB845 (the "Firearm"). The Firearm was equipped with an attached conversion device, commonly known as a "switch" or "auto sear," enabling it to be fired as a fully automatic weapon by a single function of the trigger. Tanner knew it had characteristics that made the Firearm a machinegun.

Tanner admits that he acted voluntarily and that he knew his actions in possessing the Firearm modified to function as a machinegun violated the law.

3. **Waiver of Pretrial Motions**. Tanner understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement and based upon the concessions of the United States contained herein, Tanner knowingly, willingly and voluntarily agrees to withdraw any pretrial motions he may have already filed and to give up the right to file any additional pretrial motions.

4. **Waiver of Constitutional Trial Rights**. The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed

innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**. The parties agree that Count 1 of the Indictment carries the following statutory penalties:

   a. a maximum term of 10 years' imprisonment, a Class C felony. (18 U.S.C. §§ 922(o)(1), 924(a)(2), and 3559(a)(3));

   b. a supervised-release term of not more than 3 years. (18 U.S.C. §§ 3559(a)(3) and 3583(b)(2));

   c. a fine of up to $250,000. (18 U.S.C. §§ 924(a)(2) and 3571(b)(3)); and

   d. a mandatory special assessment of $100. (18 U.S.C. § 3013(a)(2)(A)).

7. **Guidelines Calculations**. The parties acknowledge Tanner will be sentenced in accordance with Title 18, Chapter 227 (18 U.S.C. §§ 3551 – 3586) and with reference to the advisory United States Sentencing Guidelines. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence, and the parties stipulate to the following Guidelines calculations. Notwithstanding the following stipulations, nothing in this plea agreement prevents the parties from bringing to the attention of the Court and the Probation Office all information in their possession regarding the offense, including relevant conduct, and Tanner's background.

   a. **Base Offense Level**. The parties agree that the base offense level is **18**, because Tanner possessed a machinegun. USSG § 2K2.1(a)(5)

   b. **Specific Offense Characteristics**. The parties agree that no specific offense characteristics or adjustments apply.

   c. **Chapter Three Adjustments**. The parties agree that other than acceptance of responsibility, no other Chapter Three adjustments apply.

   d. **Acceptance of Responsibility**. The parties agree that if and only if the defendant: (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully at the change-of-plea and sentencing hearings; (3) complies with this agreement; and (4) does not engage in any act inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report, the United States will recommend that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a), and will move for an additional one-level reduction under § 3E1.1(b). The defendant understands that any reduction for acceptance of responsibility shall be determined by the Court in its discretion. Nothing in this agreement, however, limits the right of the Government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of

responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

After applying all adjustments, the adjusted total offense level is **15**.

    e.    **Criminal History Category**. Based on the information currently available, the parties believe the defendant has a criminal history category of **II**. This is not a stipulation but merely a belief based on an assessment of the information currently known. Accordingly, the parties agree that the defendant's actual criminal history category and related status will be determined by the Court based on the information presented in the Presentence Report and by the arguments made by the parties at the time of sentencing.

    f.    **Guidelines Ranges**. If the adjusted total offense level is **15**, and the criminal history category is **II**, the advisory Guidelines range is **21-27 months' imprisonment**.

    g.    **Fine Range**. If the adjusted total offense level is 15, the applicable fine range is $7,500 to $75,000. USSG § 5E1.2(c)(3).

    h.    **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100.00. USSG § 5E1.3. Mr. Tanner understands and agrees that this special assessment is due and payable at or before sentencing.

    i.    **Supervised Release**. The Guidelines require a term of supervised release of at least 1 year but not more than 3 years. USSG § 5D1.2(a)(2).

8.    **Revocation of Supervised Release**. Tanner understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke his supervised release, and Tanner could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* USSG §§ 7B1.4, 7B1.5. Tanner also understands that as part of any

revocation, the Court may include a requirement that he be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court**.  The foregoing stipulations bind the parties but not the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines the applicable Guidelines calculations and/or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and Tanner will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**.  The parties are free to recommend whatever sentence they deem appropriate.  The parties reserve the right to make a motion for departures/variances from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3.  The defendant agrees to pay the special assessment prior to sentencing.

12. **Restitution Agreement**. The defendant understands and agrees that 18 U.S.C. § 3663 applies and that the Court may order the defendant to make restitution to the victims of his crime.

13. **Forfeiture**. The defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearm with accessories and any ammunition involved in the defendant's violation of Title 18, United States Code, Section 922, including but not limited to a .40-caliber Glock pistol, model 27, with a high-capacity magazine, bearing serial number PEB845. The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the ammunition.

14. **Waiver of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above the high end of the Guidelines range determined by the district court. The defendant also waives the right to petition under 28 U.S.C. § 2255 except

based upon a claim of ineffective assistance of counsel. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below the low end of the Guidelines range determined by the district court.

15. **Waiver of Freedom of Information Act and Privacy Act**. In exchange for the concessions of the United States made herein, Tanner agrees to waive all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16. **Complete Agreement**.   This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Dated: May 13, 2022

ANDREW M. LUGER
United States Attorney

BY: HARRY M. JACOBS
Assistant United States Attorney

Dated: May 13 2022

NAMIRI LOVE LAQUANDAS TANNER
Defendant

Dated: 05/13/2022

JENNIFER CONGDON, ESQ.
Attorney for Defendant