UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-19 (PJS/JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| NAMIRI LOVE LAQUANDAS TANNER, | |
| Defendant. | |

For the following reasons, the United States recommends that Defendant Namiri Love Laquandas Tanner receive a sentence of 30 months imprisonment. The United States believes that a sentence of 30 months imprisonment, which is at the high end of the applicable Guidelines range, is sufficient, but not greater than necessary, to comport with the Section 3553(a)(2) sentencing factors.

I.   **Relevant Facts**

A. **Offense Conduct**

Tanner was indicted on February 2, 2022 in a one-count indictment, charging him with Possession of a Machinegun, in violation of 18 U.S.C. § 922(o)(1). Tanner entered a guilty plea pursuant to a plea agreement on May 13, 2022. The circumstances of the offense are set forth in the Presentence Investigation Report (the "PSR," ECF No. 40).

Tanner has been investigated by law enforcement since at least 2020 for various gang and firearm related activities. On July 21, 2021, Tanner possessed a machinegun. Law enforcement located Tanner and attempted to execute a search

warrant. Officers attempted a traffic stop of the car Tanner was driving. When Tanner stopped the car, he got out, hesitated, then fled officers on foot. He jumped over a retaining wall and officers were unable to chase or apprehend him. (PSR ¶ 11-12.)

Officers searched the car Tanner was driving. In it, they found a loaded Glock .40-caliber handgun with an extended magazine. The gun had an auto sear attached to it. The sear (or "switch") altered the semi-automatic firearm to allow it to fire as an automatic weapon. In other words, the sear turned the handgun into a machinegun. (PSR ¶ 12.)

Law enforcement conducted forensic testing on the firearm. The gun Tanner possessed resulted in a ballistic match to discharged cartridge casings from a prior shooting in June 2021 (only one month prior to when Tanner possessed the gun). In that shooting incident, a bystander was shot and killed. That murder remains unsolved. (PSR ¶ 13.)

B. **Defendant's Criminal History**

Tanner is 21 years old and does not have any adult felony convictions. He has a conviction for misdemeanor theft in 2019. He also has a stay of adjudication for felony fifth degree drug possession in 2020. In that case, officers stopped Tanner in his car and found a handgun and a bag of approximately 3 grams of cocaine. (PSR ¶ 42.) Tanner also has numerous juvenile convictions. These cases involve assault, feeling police, and numerous instances of felony car theft. (PSR ¶ 32-38.)

Tanner committed this crime, and possessed a machinegun, while on probation for his stay of adjudication for a felony drug offense. (PSR ¶ 44.) Based on his criminal conduct, Tanner has a criminal history score of 6, corresponding to a criminal history category of III. (PSR ¶ 45.)

### C. Defendant's Personal History

By most accounts, Tanner had a fairly normal early childhood. He was primarily raised by his mother, a public-school administrator, in West St. Paul, Minnesota. Generally, Tanner was well provided for and his mother provided a stable upbringing. (PSR ¶ 52-54.)

However, Tanner struggled to stay out of trouble beginning in his early teenage years. His brushes with juvenile delinquency led him to foster-care placements for a few months at age 15. Around that time, he began associating with street gangs. His criminal activity increased at this point. (PSR ¶ 54.)

## II. Argument

### A. Legal Background

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "[U]nder the advisory guidelines scheme, sentencing judges are required to find sentence-enhancing facts only by a preponderance of the evidence." *United States v. Scott*, 448 F.3d 1040, 1043 (8th Cir. 2006).

"[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors

to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49-50; 18 U.S.C. § 3553(a). The Section 3553(a) factors include "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

**B.    The Presentence Investigation and Guidelines Calculations**

The United States has reviewed the PSR prepared by the U.S. Probation Office. The United States did not object to the PSR. The PSR concluded that total offense level is 15 and the criminal history category is III. Based on this, the Guidelines range for term of imprisonment is 24 to 30 months. (PSR ¶ 70.)

**C.    The Appropriate Sentence**

A careful consideration of the Section 3553(a) factors warrants a sentence of 30 months imprisonment.

1.    <u>The Nature and Circumstances of the Offense.</u>

Tanner's conduct was unquestionably serious and warrants a correspondingly significant sentence. Tanner possessed a machinegun equipped with an extended magazine. This is an incredibly dangerous weapon, whose sole purpose is to fire as many bullets in as rapid a period of time as possible. He possessed this machinegun in a densely populated area of south Minneapolis, filled with houses and children.

It is impossible to overstate the danger of possessing a machinegun. But that danger is not merely anecdotal. Only weeks before Tanner possessed the machinegun, a bullet from the gun shot and killed someone.

2. <u>The History and Characteristics of the Defendant.</u>

In many ways, Tanner experienced a normal and stable childhood and upbringing. He had family support around him.

Although Tanner has multiple criminal convictions (particularly for someone only 21 years old), he has never served a significant prison sentence. Any sentence he received in this case will likely be far and away the longest and most significant sentence he has ever received.

On the other hand, none of the other punishment Tanner has so far received has effectively deterred him from committing additional crimes. And Tanner's criminal activity appears to be escalating in seriousness. Indeed, Tanner possessed a machinegun while on probation for possessing drugs (and an offense that involved a gun).

3. <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Afford Adequate Deterrence</u>

In light of the seriousness of the offense, Tanner requires a significant sentence to prevent him from committing another crime. As explained above, his other convictions have not deterred him from continued criminal activity. The Court should impose a significant sentence directed to prevent Tanner from reoffending.

General deterrence is also necessary to demonstrate the importance of laws prohibiting convicted felons from possessing firearms. *See Ferguson v. United States*, 623 F.3d 627, 632 (8th Cir. 2010) ("Congress specifically made general deterrence an appropriate consideration . . . and [the Eighth Circuit has] described it as 'one of the

5

key purposes of sentencing.'") Tanner and others are more likely to be deterred from possessing extremely dangerous automatic firearms if they learn they will pay a stiff price for it. Possession of machineguns is a rapidly escalating problem in the community and the danger of such activity is readily apparent. Instances of automatic or machinegun fire is becoming more and more common in neighborhoods in Minneapolis and St. Paul. A significant sentence will promote respect for the law and reflect the serious risks to the community of illegally possessing an automatic weapon.

A sentence of 30 months imprisonment will serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes by Tanner.

### III. Conclusion

For all the above reasons, the United States respectfully requests that the Court impose a sentence of 30 months imprisonment.

Respectfully submitted,

Dated: August 27, 2022

ANDREW M. LUGER
United States Attorney

/s/ *Harry M. Jacobs*

BY: HARRY M. JACOBS
Assistant U.S. Attorneys